IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ELIZABETH VALLES, § | | |
| Reg. No. 72271-380, § | | |
|     Movant, § | | |
| § | EP-19-CV-58-PRM | |
| v. § | EP-16-CR-960-PRM-1 | |
| § | | |
| UNITED STATES OF AMERICA, § | | |
|     Respondent. § | | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Movant Elizabeth Valles's [hereinafter "Movant"] pro se "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 59)[1] [hereinafter "§ 2255 Motion"], filed on February 13, 2019, in the above-captioned cause. Therein, Movant seeks relief from the 70-month sentence imposed by the Court after she pleaded guilty to importing methamphetamine. After due consideration, the Court is of the opinion that Movant's § 2255 Motion should be denied as untimely for the

---

[1] "ECF No." refers to the Electronic Case Filing ("ECF") number for documents docketed in EP-16-CR-960-PRM-1. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

1

reasons that follow. In addition, the Court is of the opinion that Movant should be denied a certificate of appealability.

I.   BACKGROUND AND PROCEDURAL HISTORY

On May 8, 2016, Movant attempted to enter the United States from Mexico at the Bridge of the Americas Port of Entry in El Paso, Texas. Plea Agreement 8 (Factual Basis), Aug. 10, 2016, ECF No. 21. Movant's four minor children accompanied her in a Ford Explorer.

A Customs and Border Protection officer noticed irregularities in a propane tank stored inside Movant's vehicle. The officer searched the tank and extracted a substance. The officer tested the substance, which weighed approximately 9.92 kilograms, and determined that it contained a detectable amount of methamphetamine.

On August 10, 2016, Movant pleaded guilty, pursuant to a plea agreement, to importing methamphetamine. Movant's guideline sentencing range was 70 to 87 month's imprisonment based on a total offense level of 27 and a Criminal History Category I. Statement of Reasons, Nov. 30, 2016, ECF No. 37. Movant was sentenced at the bottom of the guideline range to 70 months' imprisonment. J. Crim. Case 2, Nov. 30, 2016, ECF No. 36.

Movant absconded after her sentencing. She was arrested on June 28, 2018.

In her § 2255 Motion, Movant asserts that her counsel provided constitutionally ineffective assistance when he failed to (1) challenge the purity of the methamphetamine, (2) review the discovery and presentence investigation report with her, (3) address all the sentencing factors applicable to her, and (4) file a notice of appeal. Mot. to Vacate 4–9, Feb. 13, 2019, ECF No. 59. In addition, Movant asks the Court to equitably toll the limitations period because she failed to turn herself in after sentencing and was, therefore, unable to file a § 2255 motion. *Id.* at 10.

## II.   APPLICABLE LAW

A § 2255 motion is subject to a one-year limitations period. 28 U.S.C. § 2255(f) (2012). A federal prisoner must file her motion within one year from the date on which (1) the judgment became final; (2) the government-created impediment to filing the motion was removed; (3) the United States Supreme Court initially recognized, and made retroactively applicable to cases on collateral review, the legal predicate

for the motion; or (4) the movant could have discovered, through due diligence, the factual predicate for the motion. *Id.*

The one-year limitations period is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is not, however, available for "garden variety claims of excusable neglect." *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). It "is permitted only 'in rare and exceptional circumstances.'" *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). Such circumstances include situations in which a movant is actively misled by the respondent "or is prevented in some extraordinary way from asserting [her] rights." *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999)). Additionally, "[e]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)). Rather, "[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." *Id.* at 715 n.14 (quoting *Pacheco*

*v. Rice*, 966 F.2d 904, 906–07 (5th Cir. 1992)).  Moreover, a movant has the burden of proving that she is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).  To satisfy her burden, she must show "(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way" of timely filing a § 2255 motion.  *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).  Finally, "[t]he decision to invoke equitable tolling is left to the discretion of the district court" and reviewed only for an abuse of discretion.  *Cousin*, 310 F.3d at 848.

## III.  ANALYSIS

In most cases, § 2255's limitations period begins to run when the judgment of conviction becomes final.  28 U.S.C. § 2255(f)(1); *Clay v. United States*, 537 U.S. 522, 524 (2003).  A judgment becomes final when the applicable period for seeking direct review expires.  *Clay*, 537 U.S. 522 at 525; *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam).

The Court entered Movant's judgment in her criminal case on November 30, 2016, and her conviction became final on December 13, 2016, the last day on which she could have appealed to the Fifth Circuit

5

Court of Appeals. Fed. R. App. P. 4(b)(1)(A); *United States v. Johnson*, 457 U.S. 537, 542 n.8 (1982). Consequently, Movant's time for filing a § 2255 motion within one year after her conviction became final expired on December 13, 2017.

The Court deems Movant's § 2255 Motion filed on February 4, 2019, the day she signed the certificate of service and presumably placed it in the prison mail system. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998)). Accordingly, Movant unambiguously did not file her § 2255 Motion within one year of her conviction becoming final.

Moreover, Movant does not suggest a government-created impediment prevented her from timely filing her Motion. 28 U.S.C. § 2255(f)(2). Furthermore, she does not assert her Motion was timely because the Supreme Court initially recognized the legal predicate for her Motion and made it retroactively applicable to cases on collateral review within the past year. *Id.* § 2255(f)(3). Finally, she does not claim she recently discovered the factual predicate for her Motion through the exercise of due diligence. *Id.* § 2255(f)(4).

Rather, Movant asks the Court to equitably toll the limitations period. Mot. to Vacate 10, Feb. 13, 2019, ECF No. 59. Specifically, she explains that she absconded and "was unable to file a 2255 motion." *Id.*

However, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond [her] control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (per curiam) (citation omitted). Furthermore, on the record in this case, Movant falls far short of exhibiting reasonable diligence in challenging her sentence. Movant has not shown "(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way" of timely filing a § 2255 motion. *Lawrence*, 549 U.S. at 336. Thus, it appears from the face of Movant's § 2255 Motion that it is untimely and that she is not entitled to equitable tolling.

Although the statute of limitations is typically considered an affirmative defense, a district court may raise the defense on its own motion and dismiss a § 2255 motion prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Cf. Kiser v.*

*Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4).  However, a district court may dismiss a motion as untimely on its own initiative only after it gives fair notice to the movant and an opportunity to respond.  *Day v. McDonough*, 547 U.S. 198, 210 (2006).  For that reason, the Court ordered Movant to show cause as to why the Court should not dismiss her § 2255 Motion as time barred.  Order to Show Cause, Feb. 22, 2019, ECF No. 60.

In her response, Movant explains that "she had a nervous breakdown after her sentencing and . . . eventually self-surrendered but not until 17 months after sentencing causing an extraordinary circumstance."  Resp. to Order to Show Cause, Mar. 25, 2019, ECF No 66.  Additionally, she argues that when a defendant absconds, "the time of the absence . . . shall not be computed as any par[t] to the period within which the action must be brought."  *Id.*

"[M]ental incompetency might support equitable tolling of a limitation period."  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).  "Where a habeas petitioner's mental incompetence in fact caused him to fail to meet the . . . filing deadline, his delay was caused by an 'extraordinary circumstance beyond [his] control,' and the deadline

8

should be equitably tolled." *Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003). However, mental illness "does not do so as a matter of right." *Smith v. Kelly*, 301 F. App'x 375, 377 (5th Cir. 2008). "[A] brief period of incapacity during a one-year statute of limitations . . . does not necessarily warrant equitable tolling." *Fisher*, 174 F.3d at 715. A movant with mental illness still "bears the burden of proving 'rare and exceptional circumstances' justifying such tolling." *Id.* (citing *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (internal quotation marks omitted).

Here, Movant does not assert that she was incompetent. She makes the purely conclusory assertion, unsupported by any evidence, that she had a "nervous breakdown." Resp. to Order to Show Cause, Mar. 25, 2019, ECF No 66. In general, "mere conclusory allegations on a critical issue" are insufficient to obtain relief pursuant to § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989). Absent evidence that Movant's "illness or medications *prevented* [her] from timely asserting [her] claims," equitable tolling will not apply. *Fogle v. Slack*, 419 F. App'x 860, 866 (10th Cir. 2011) (emphasis added). Here, Movant "provides insufficient evidence that her nervous breakdown was

9

an extraordinary circumstance." *See Rawlins v. Newton-Embry*, 352 F. App'x 273, 275 (10th Cir. 2009) (finding a nervous breakdown stemming from a rape by a fellow inmate was insufficient to warrant equitable tolling). Further, Movant nowhere explains how her mental illness prevented her from pursuing her legal rights or why she waited over eight months after her arrest to file her § 2255 Motion.

In addition, Movant is wrong when she asserts that absconding tolls the limitations period. The Court has already explained that Movant's absconding—which resulted in a delay of her own making—did not qualify her for equitable tolling. *See In re Wilson*, 442 F.3d at 875.

Accordingly, the Court determines that Movant cannot satisfy her burden of showing that some extraordinary circumstance stood in her way of timely filing a § 2255 motion and that she has been pursuing her rights diligently. *Lawrence*, 549 U.S. at 336. Therefore, the Court concludes that Movant's Motion is untimely, that she is not entitled to equitable tolling, and that the Court need not address the merits of her claims.

## IV. CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to certificate of appealability determination in context of § 2255 proceedings). To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Here, reasonable jurists would not debate the Court's conclusions that Movant's Motion is time-barred and that it should not equitably toll the limitations period. Accordingly, the Court will not issue a certificate of appealability.

11

## V. CONCLUSION AND ORDERS

The Court concludes that Movant's Motion is untimely, that she is not entitled to equitable tolling, and that the Court need not address the merits of her claims. Furthermore, the Court concludes that Movant is not entitled to a certificate of appealability.

Accordingly, **IT IS ORDERED** that Movant Elizabeth Valles's pro se "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 59) is **DENIED** and her civil cause is **DISMISSED WITH PREJUDICE** as untimely.

**IT IS FURTHER ORDERED** that Movant Elizabeth Valles is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as **MOOT**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SIGNED** this **29th day** of **March, 2019**

_____
**PHILIP R. MARTINEZ**
**UNITED STATES DISTRICT JUDGE**